B27 (Official Form 27) (12/09)

# UNITED STATES BANKRUPTCY COURT

Western District of Washington

In re ELIZABETH HAHN
      Debtor

Case No. 1019160
Chapter: 7

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1. Creditor's Name: Chase Auto Finance

2. Amount of the debt subject to this reaffirmation agreement:
   $ 20,981.88  on the date of bankruptcy     $ 20,998.76 to be paid under reaffirmation agreement

3. Annual percentage rate of interest:   4.90 % prior to bankruptcy
   4.90 % under reaffirmation agreement ( X  Fixed Rate ____ Adjustable Rate)

4. Repayment terms (if fixed rate): $ 400.92 per month for  59  months

5. Collateral, if any, securing the debt: Current market value: $ 23,375.00
   Description:  2009 SUBARU OUTBACK

6. Does the creditor assert that the debt is nondischargeable? ___Yes  ✓ No
(If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is nondischargeable.)

| Debtor's Schedule I and J Entries | Debtor's Income and Expenses as Stated on Reaffirmation Agreement |
|---|---|
| 7A. Total monthly income from Schedule I, line 16  $ 5278.48 | 7B. Monthly income from all sources after payroll deductions  $ 4650 |
| 8A. Total monthly expenses from Schedule J, line 18  $ 4745.73 | 8B. Monthly expenses  $ 1650 |
| 9A. Total monthly payments on reaffirmed debts not listed on Schedule J  $ Ø | 9B. Total monthly payments on reaffirmed debts not included in monthly expenses  $ 400.92 |
| | 10B. Net monthly income  $ 2599.08 (Subtract sum of lines 8B and 9B from line 7B. If total is less than zero, put the number in brackets.) |

11. Explain with specificity any difference between the income amounts (7A and 7B):
    _Husband lost his job after filing date_

12. Explain with specificity any difference between the expense amounts (8A and 8B):
    _Assuming real estate + unsecured debt to be dischargable_

If line 11 or 12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that any explanation contained on those lines is true and correct.

_____/s/_____        _____/s/_____
Signature of Debtor (only required if      Signature of Joint Debtor (if applicable, and only
line 11 or 12 is completed)                required if line 11 or 12 is completed)

Other Information

☐ Check this box if the total on line 10B is less than zero. If that number is less than zero, a presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with specificity the sources of funds available to the Debtor to make the monthly payments on the reaffirmed debt: _____

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?
    ✓ Yes          ____ No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?
    ____ Yes       ____ No


### FILER'S CERTIFICATION

I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

_____/s/ Sindi Leonard_____
Signature

SINDI LEONARD  | Chase
Print/Type Name & Signer's Relation to Case

B240A (Form B240A) (04/10)

Check one.
☐ Presumption of Undue Hardship
☐ No Presumption of Undue Hardship
*See Debtor's Statement in Support of Reaffirmation, Part II below, to determine which box to check.*

# UNITED STATES BANKRUPTCY COURT
Western District of Washington

In re ELIZABETH HAHN,  
*Debtor*

Case No. 1019160

Chapter 7

## REAFFIRMATION DOCUMENTS

**Name of Creditor:** Chase Auto Finance

☐ Check this box if Creditor is a Credit Union

### PART I. REAFFIRMATION AGREEMENT

**Reaffirming a debt is a serious financial decision. Before entering into this Reaffirmation Agreement, you must review the important disclosures, instructions, and definitions found in Part V of this form.**

A. Brief description of the original agreement being reaffirmed: AUTO LOAN 0200
*For example, auto loan*

B. *AMOUNT REAFFIRMED*: $ 20,998.76

The Amount Reaffirmed is the entire amount that you are agreeing to pay. This may include unpaid principal, interest, and fees and costs (if any) arising on or before 08/10/10, which is the date of the Disclosure Statement portion of this form (Part V).

*See the definition of "Amount Reaffirmed" in Part V, Section C below.*

C. The *ANNUAL PERCENTAGE RATE* applicable to the Amount Reaffirmed is 4.90 %.

*See definition of "Annual Percentage Rate" in Part V, Section C below.*

This is a *(check one)* ☑ Fixed rate   ☐ Variable rate

If the loan has a variable rate, the future interest rate may increase or decrease from the Annual Percentage Rate disclosed here.

D. Reaffirmation Agreement Repayment Terms *(check and complete one)*:

☑       $400.92    per month for   59    months starting on   9/4/10   .

☐       Describe repayment terms, including whether future payment amount(s) may be different from the initial payment amount. _____
_____
_____
_____

E. Describe the collateral, if any, securing the debt:

   Description:              2009 SUBARU OUTBACK
   Current Market Value      $ 23,375.00

F. Did the debt that is being reaffirmed arise from the purchase of the collateral described above?

   ☑ Yes.  What was the purchase price for the collateral?    $   24,919.47

   ☐ No.   What was the amount of the original loan?          $ _____

G. Specify the changes made by this Reaffirmation Agreement to the most recent credit terms on the reaffirmed debt and any related agreement:

|  | Terms as of the Date of Bankruptcy | Terms After Reaffirmation |
|---|---|---|
| Balance due *(including fees and costs)* | $ 20,981.88 | $ 20,998.76 |
| Annual Percentage Rate | 4.90 % | 4.90 % |
| Monthly Payment | $ 400.92 | $ 400.92 |

H. ☐ Check this box if the creditor is agreeing to provide you with additional future credit in connection with this Reaffirmation Agreement. Describe the credit limit, the Annual Percentage Rate that applies to future credit and any other terms on future purchases and advances using such credit: _____

## PART II.   DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

A. Were you represented by an attorney during the course of negotiating this agreement?

   Check one.   ☑ Yes       ☐ No

B. Is the creditor a credit union?

   Check one.   ☐ Yes       ☑ No

C. If your answer to EITHER question A. or B. above is "No," complete 1. and 2. below.

1. Your present monthly income and expenses are:

   a. Monthly income from all sources after payroll deductions
   (take-home pay plus any other income)                                      $ 4650

   b. Monthly expenses (including all reaffirmed debts except
   this one)                                                                  $ 3450

   c. Amount available to pay this reaffirmed debt (subtract b. from a.)       $ 1200

   d. Amount of monthly payment required for this reaffirmed debt             $ 400.92

   *If the monthly payment on this reaffirmed debt (line d.) **is greater than** the amount you have available to pay this reaffirmed debt (line c.), you must check the box at the top of page one that says "Presumption of Undue Hardship." Otherwise, you must check the box at the top of page one that says "No Presumption of Undue Hardship."*

2. You believe that this reaffirmation agreement will not impose an undue hardship on you or your dependents because:

   Check one of the two statements below, if applicable:

   [✓] You can afford to make the payments on the reaffirmed debt because your monthly income is greater than your monthly expenses even after you include in your expenses the monthly payments on all debts you are reaffirming, including this one.

   [ ] You can afford to make the payments on the reaffirmed debt even though your monthly income is less than your monthly expenses after you include in your expenses the monthly payments on all debts you are reaffirming, including this one, because:

   _____
   _____
   _____

   Use an additional page if needed for a full explanation.

D. If your answers to BOTH questions A. and B. above were "Yes," check the following statement, if applicable:

   [✓] You believe this Reaffirmation Agreement is in your financial interest and you can afford to make the payments on the reaffirmed debt.

*Also, check the box at the top of page one that says "No Presumption of Undue Hardship."*

## PART III. CERTIFICATION BY DEBTOR(S) AND SIGNATURES OF PARTIES

I hereby certify that:

(1) I agree to reaffirm the debt described above.

(2) Before signing this Reaffirmation Agreement, I read the terms disclosed in this Reaffirmation Agreement (Part I) and the Disclosure Statement, Instructions and Definitions included in Part V below;

(3) The Debtor's Statement in Support of Reaffirmation Agreement (Part II above) is true and complete;

(4) I am entering into this agreement voluntarily and am fully informed of my rights and responsibilities; and

(5) I have received a copy of this completed and signed Reaffirmation Documents form.

SIGNATURE(S) (If this is a joint Reaffirmation Agreement, both debtors must sign.):

Date  9/8/2010   Signature _____
                              Debtor

Date  9/8/2010   Signature _____
                              Joint Debtor, if any


**Reaffirmation Agreement Terms Accepted by Creditor:**

Creditor  Chase Auto Finance          201 N. Central Ave 11th FL. Phoenix, AZ 85004
         *Print Name*                              *Address*

         SINDI LEONARD                 _____  9-30-10
         *Print Name of Representative*      *Signature*              *Date*


## PART IV. CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY)

*To be filed only if the attorney represented the debtor during the course of negotiating this agreement.*

I hereby certify that: (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

*Check box, if the presumption of undue hardship box is checked on page 1 and the creditor is not a Credit Union.*

Date _____   Signature of Debtor's Attorney _____

                  Print Name of Debtor's Attorney _____


## PART V. DISCLOSURE STATEMENT AND INSTRUCTIONS TO DEBTOR(S)

**Before agreeing to reaffirm a debt, review the terms disclosed in the Reaffirmation Agreement (Part I above) and these additional important disclosures and instructions.**

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps, which are detailed in the Instructions provided in Part V, Section B below, are not completed, the Reaffirmation Agreement is not effective, even though you have signed it.

**A.    DISCLOSURE STATEMENT**

1. **What are your obligations if you reaffirm a debt?** A reaffirmed debt remains your personal legal obligation to pay. Your reaffirmed debt is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Your obligations will be determined by the Reaffirmation Agreement, which may have changed the terms of the original agreement. If you are reaffirming an open end credit agreement, that agreement or applicable law may permit the creditor to change the terms of that agreement in the future under certain conditions.

2. **Are you required to enter into a reaffirmation agreement by any law?** No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments that you agree to make.

3. **What if your creditor has a security interest or lien?** Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage, or security deed. The property subject to a lien is often referred to as collateral. Even if you do not reaffirm and your personal liability on the debt is discharged, your creditor may still have a right under the lien to take the collateral if you do not pay or default on the debt. If the collateral is personal property that is exempt or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the collateral, as the parties agree or the court determines.

4. **How soon do you need to enter into and file a reaffirmation agreement?** If you decide to enter into a reaffirmation agreement, you must do so before you receive your discharge. After you have entered into a reaffirmation agreement and all parts of this form that require a signature have been signed, either you or the creditor should file it as soon as possible. The signed agreement must be filed with the court no later than 60 days after the first date set for the meeting of creditors, so that the court will have time to schedule a hearing to approve the agreement if approval is required. However, the court may extend the time for filing, even after the 60-day period has ended.

5. **Can you cancel the agreement?** You may rescind (cancel) your Reaffirmation Agreement at any time before the bankruptcy court enters your discharge, or during the 60-day period that begins on the date your Reaffirmation Agreement is filed with the court, whichever occurs later. To rescind (cancel) your Reaffirmation Agreement, you must notify the creditor that your Reaffirmation Agreement is rescinded (or canceled). Remember that you can rescind the agreement, even if the court approves it, as long as you rescind within the time allowed.

6. **When will this Reaffirmation Agreement be effective?**

   a. **If you *were* represented by an attorney during the negotiation of your Reaffirmation Agreement and**

   i. **if the creditor is not a Credit Union**, your Reaffirmation Agreement becomes effective when it is filed with the court unless the reaffirmation is presumed to be an undue hardship. If the Reaffirmation Agreement is presumed to be an undue hardship, the court must review it and may set a hearing to determine whether you have rebutted the presumption of undue hardship.

   ii. **if the creditor is a Credit Union**, your Reaffirmation Agreement becomes effective when it is filed with the court.

   b. **If you *were not* represented by an attorney during the negotiation of your Reaffirmation Agreement**, the Reaffirmation Agreement will not be effective unless the court approves it. To have the court approve your agreement, you must file a motion. See Instruction 5, below. The court will notify you and the creditor of the hearing on your Reaffirmation Agreement. You must attend this hearing, at which time the judge will review your Reaffirmation Agreement. If the judge decides that the Reaffirmation Agreement is in your best interest, the agreement will be approved and will become effective. However, if your Reaffirmation Agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home, you do not need to file a motion or get court approval of your Reaffirmation Agreement.

7. **What if you have questions about what a creditor can do?** If you have questions about reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement. If you do not have an attorney helping you, you may ask the judge to explain the effect of this agreement to you at the hearing to approve the Reaffirmation Agreement. When this disclosure refers to what a creditor "may" do, it is not giving any creditor permission to do anything. The word "may" is used to tell you what might occur if the law permits the creditor to take the action.

**B. INSTRUCTIONS**

1. Review these Disclosures and carefully consider your decision to reaffirm. If you want to reaffirm, review and complete the information contained in the Reaffirmation Agreement (Part I above). If your case is a joint case, both spouses must sign the agreement if both are reaffirming the debt.

2. Complete the Debtor's Statement in Support of Reaffirmation Agreement (Part II above). Be sure that you can afford to make the payments that you are agreeing to make and that you have received a copy of the Disclosure Statement and a completed and signed Reaffirmation Agreement.

3. If you were represented by an attorney during the negotiation of your Reaffirmation Agreement, your attorney must sign and date the Certification By Debtor's Attorney (Part IV above).

4. You or your creditor must file with the court the original of this Reaffirmation Documents packet and a completed Reaffirmation Agreement Cover Sheet (Official Bankruptcy Form 27).

5. *If you are not represented by an attorney, you must also complete and file with the court a separate document entitled "Motion for Court Approval of Reaffirmation Agreement" unless your Reaffirmation Agreement is for a consumer debt secured by a lien on your real property, such as your home.* You can use Form B240B to do this.

C.   **DEFINITIONS**

1. **"Amount Reaffirmed"** means the total amount of debt that you are agreeing to pay (reaffirm) by entering into this agreement. The total amount of debt includes any unpaid fees and costs that you are agreeing to pay that arose on or before the date of disclosure, which is the date specified in the Reaffirmation Agreement (Part I, Section B above). Your credit agreement may obligate you to pay additional amounts that arise after the date of this disclosure. You should consult your credit agreement to determine whether you are obligated to pay additional amounts that may arise after the date of this disclosure.

2. **"Annual Percentage Rate"** means the interest rate on a loan expressed under the rules required by federal law. The annual percentage rate (as opposed to the "stated interest rate") tells you the full cost of your credit including many of the creditor's fees and charges. You will find the annual percentage rate for your original agreement on the disclosure statement that was given to you when the loan papers were signed or on the monthly statements sent to you for an open end credit account such as a credit card.

3. **"Credit Union"** means a financial institution as defined in 12 U.S.C. § 461(b)(1)(A)(iv). It is owned and controlled by and provides financial services to its members and typically uses words like "Credit Union" or initials like "C.U." or "F.C.U." in its name.

# Reaffirmation Documents

## Introduction

A debtor in a bankruptcy case may decide to remain legally obligated to pay a debt that would otherwise be discharged in bankruptcy. This is called *reaffirming a debt*. Reaffirming a debt is voluntary; debtors are not required to reaffirm any debt.

The Bankruptcy Code allows debtors to reaffirm debts, but an agreement to reaffirm a debt will be enforceable despite the bankruptcy discharge only if it complies with specific procedures. Director's Form B240A (Reaffirmation Documents) includes the Reaffirmation Agreement, disclosures, and other documents necessary for a debtor to reaffirm a debt.

This form cannot be used with a separate, attached Reaffirmation Agreement because some of the required disclosures are contained in the Reaffirmation Agreement portion of the form, rather than in the Disclosure Statement portion of the form. Because § 524(k)(3)(J)(i) contemplates that a separate Reaffirmation Agreement may be used as long as the proper disclosures have been made, parties should draft their own documents, use Director's Form B240A/B ALT, or use other forms authorized by local courts if they want to use a separate attached Reaffirmation Agreement.

## Applicable Law

The reaffirmation of debt is governed by 11 U.S.C. § 524(c), (d), and (k). A Reaffirmation Agreement is enforceable only if it complies with these Bankruptcy Code provisions. 11 U.S.C. § 524(c). For example, any agreement to reaffirm a dischargeable debt must be entered into before the debtor receives a discharge. 11 U.S.C. § 524(c)(1).

In addition, § 524(k) sets out extensive specific and detailed descriptions of the disclosures that a debtor must receive before or at the time the debtor signs the Reaffirmation Agreement. 11 U.S.C. § 524(c)(2). The required disclosures consist of the Reaffirmation Agreement, the Disclosure Statement, and other documents described in § 524(k). 11 U.S.C. § 524(k)(1). Disclosures may be "made in a different order and may use terminology different from that set forth in paragraphs (2) through (8)," with the exception of two terms - "Amount Reaffirmed" and "Annual Percentage Rate" – that must be used where indicated. 11 U.S.C. § 524(k)(2).

The January 2007 version of Director's Form B240A (now designed as B240A/B ALT) which implemented the reaffirmation disclosures and form requirements of the 2005 Bankruptcy Abuse Prevention and Consumer Protection Act, carefully tracked the statutory language and organization. As a result, the form was quite long and some of the most significant information needed for court review followed many pages of preliminary disclosures and information.

Based on the authority provided by 11 U.S.C. § 524(k)(2), this revised form organizes the required information in a different order, bringing information important to the court to the beginning of the document while directing the debtor's attention to pertinent disclosures and definitions that must be reviewed before entering into the Reaffirmation Agreement. It also

streamlines the documents and uses language that is easier to understand. To avoid redundancy, some of the required disclosures are included in the Reaffirmation Agreement and are simply referred to in the Disclosure Statement.

The *Amount Reaffirmed* in Part I.B., includes a blank in which to insert the date of the disclosures to provide a definite, identifiable termination point for the accrual of fees and costs. *See* 11 U.S.C. § 524(k)(3)(C)(ii).

Section 524(k)(3)(E) provides for the disclosure of the "Annual Percentage Rate" that applies to the reaffirmed debt, and the statutory provision includes great detail about how to compute that rate. The form contains a space to fill in the Annual Percentage Rate (which the creditor must calculate according to the detailed statutory instructions) and requires disclosure as to whether the rate is fixed or variable. *Annual Percentage Rate* is defined in Part V.C. of the form as the "interest rate on a loan expressed under the rules required by federal law." The revised form omits the statutory detail about how the rate is determined.

## Directions

This Director's form is optional. Do not use it with a separate, attached Reaffirmation Agreement.

This form does not replace the Reaffirmation Cover Sheet required by Fed. R. Bankr. P. 4008(a), even though some of the required information is the same.

Fill in the blanks at the top of the form, entering the district in which the bankruptcy case is filed, the debtor or co-debtors' names, case number, and chapter number. Fill in the name of the creditor, and check the box if the creditor is a credit union. If the creditor is not a credit union, leave the box blank.

All blanks should be filled in and all appropriate boxes checked. If two boxes appear in an answer, check one.

### Part I: Reaffirmation Agreement

A. Describe the original agreement being reaffirmed.

B. Fill in the total amount of the debt being reaffirmed. Fill in the date the disclosure was prepared.

C. Fill in the Annual Percentage Rate, as determined under the appropriate method set out in 11 U.S.C. § 524(k)(3)(E). If more than one interest rate applies to the reaffirmed debt, the creditor may write in more than one rate. Check the appropriate type of rate for the loan.

D. Indicate the repayment terms. The creditor may include additional lines if multiple balances are to be paid at different rates or if the form categories do not adequately cover the terms of this Reaffirmation Agreement. The court needs this information to review the Reaffirmation Agreement.

**Part II: Your Statement in Support of Reaffirmation Agreement**

A and B. If an attorney did not represent the debtor or if the creditor is not a credit union, fill out C.1. and C.2.

C.1.a-d. Fill in information about present income and expenses. Do not use income and expense information from the bankruptcy schedules unless it is identical to the present income and expenses. *Calculate the amount available to pay the reaffirmed debt*. Then check the appropriate box at the top of page 1.

C.2. Check whether the payments on the reaffirmed debt will impose an undue hardship on debtor or debtor's dependents. If the monthly income is less than the monthly expenses, the debtor must explain why reaffirming the debt will not cause an undue hardship. The debtor should identify any additional sources of funds to make the payments.

D. If the debtor is represented by an attorney and the creditor is a credit union, indicate whether the debtor believes that the reaffirmation agreement is in the debtor's financial interest and the debtor can afford to make the payments. Then check the box on page 1 that says, "No Presumption of Undue Hardship."

**Part III: Certification by Debtors and Signatures of Parties**

Any debtor (including any joint debtor) who agrees to reaffirm a debt must sign and date the certification. Fill in the creditor's name and address, along with the printed name of the creditor's representative who negotiated the Reaffirmation Agreement. The representative must sign and date the Reaffirmation Agreement.

**Part IV: Certification by Debtor's Attorney (if any)**

Fill out this certification if the debtor was represented by an attorney in negotiating the Reaffirmation Agreement. *See* 11 U.S.C. § 524(c)(3) and (k)(5).

**Part V: Disclosure Statement and Instructions to Debtors**

This part of the Reaffirmation Documents contains definitions, the additional required disclosures that are not included in the Reaffirmation Agreement itself, and instructions to the debtor.

B240C (Form B240C) (12/09)

# United States Bankruptcy Court
Western District of Washington

In re ELIZABETH HAHN           ,          Case No. 1019160
                    Debtor                      Chapter 7

## ORDER ON REAFFIRMATION AGREEMENT

The debtor(s) ELIZABETH HAHN           has (have) filed a motion for approval of the reaffirmation agreement dated _____ made between the debtor(s) and creditor Chase Auto Finance          . The court held the hearing required by 11 U.S.C. § 524(d) on notice to the debtor(s) and the creditor on _____ (date).

**COURT ORDER:**    ☐ The court grants the debtor's motion under 11 U.S.C. § 524(c)(6)(A) and approves the reaffirmation agreement described above as not imposing an undue hardship on the debtor(s) or a dependent of the debtor(s) and as being in the best interest of the debtor(s).

☐ The court grants the debtor's motion under 11 U.S.C. § 524(k)(8) and approves the reaffirmation agreement described above.

☐ The court does not disapprove the reaffirmation agreement under 11 U.S.C. § 524(m).

☐ The court disapproves the reaffirmation agreement under 11 U.S.C. § 524(m).

☐ The court does not approve the reaffirmation agreement.

BY THE COURT

Date: _____                   _____
                                                  *United States Bankruptcy Judge*

# RETAIL INSTALLMENT SALE CONTRACT
## SIMPLE FINANCE CHARGE

**SUBARU MOTORS FINANCE**

Dealer Number _____  Contract Number _____

| Buyer (and Co-Buyer) Name and Address (including County and Zip Code) | Creditor - Seller (Name and Address) |
|---|---|
| ELIZABETH HAHN KENNETH HAHN<br>6703 14TH AVE NW<br>SEATTLE, WA 98117 | CARTER SUBARU<br>17225 AURORA NORTH<br>SEATTLE, WA 98133 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge according to the payment schedule below, as explained in section 1 on the back. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used/Demo | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| NEW | 2009 | SUBA OUTBACK | 40 | 4S4BP61C997345379 | ☒ personal, family or household<br>☐ business<br>☐ agricultural |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $5000.00 |
|---|---|---|---|---|
| 4.90 % | $ 3946.77 | $ 24919.47 | $ 28866.24 | $ 33866.24 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | 400.92 | Monthly beginning 08/04/2009 |

Or As Follows: N/A

**Late Charge.** If payment is not received in full within 10 days after it is due, you will pay a late charge of $ 5 or 5 % of the part of the payment that is late, whichever is greater.
**Prepayment.** If you pay off your debt early, you will not have to pay a penalty.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

### ITEMIZATION OF AMOUNT FINANCED

1. Cash Sale Price
   - Vehicle Cash Price  $ 24566.00
   - Other SEALANTS  $ N/A
   - Sales Tax  $ 2578.47
   - Dealer Documentary Service Fee (Documentary fees are not required $ 50.00 by the state of Washington.)
   - Total Cash Sale Price  $ 27194.47 (1)
2. Total Downpayment =
   - Trade-In N/A (Year) (Make) (Model)
   - Gross Trade-In Allowance  $ N/A
   - Less Payoff Made By Seller  $ N/A
   - Equals Net Trade In  $ N/A
   - + Cash  $ 3000.00
   - + Other REBATE  $ 2000.00
   - (if total downpayment is negative, enter "0" and see 4G below)  $ 5000.00 (2)
3. Unpaid Balance of Cash Price (1 minus 2)  $ 22194.47 (3)
4. Other Charges Including Amounts Paid to Others on Your Behalf (Seller may keep part of these amounts):
   - A Cost of Optional Credit Insurance Paid to Insurance Company or Companies.
     - Life  $ N/A
     - Disability  $ N/A  $ N/A
   - B Other Insurance Paid to Insurance Company or Companies  $ N/A
   - Total Insurance Paid to Insurance Companies  $ N/A
   - C Official Fees Paid to Government Agencies
     - to ___ for ___  $ N/A
     - to ___ for ___  $ N/A
     - to ___ for ___  $ N/A
   - D Government Taxes Not Included in Cash Price  $ N/A
   - E Government License and/or Registration Fees
     - LICENSE FEE  $ 175.00
   - F Government Certificate of Title Fees  $ N/A
   - Total Official Fees Paid to Government Agencies  $ 175.00
   - G Other Charges (Seller must identify who is paid and describe purpose)
     - to ___ for Prior Credit or Lease Balance  $ N/A
     - SMB1 SMB1  $ 1800.00
     - to THE ONE 6 GAP PROT  $ 750.00
     - to ___ for ___  $ N/A
     - to ___ for ___  $ 
     - to ___ for ___  $ N/A
   - Total Other Charges and Amounts Paid to Others on Your Behalf  $ 2725.00 (4)
5. Amount Financed (3 plus 4)  $ 24919.47 (5)

OPTION: ☐ You pay no finance charge if the amount financed, item 5, is paid in full on or before N/A. Yes N/A SELLERS INITIALS ___

### NO COOLING OFF PERIOD
State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and we must sign it. No oral changes are binding. Buyer Signs X ___ Co-Buyer Signs X ___
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
See back for other important agreements.

**NOTICE TO BUYER:** (a) Do not sign this contract before you read it or if any spaces intended for the agreed terms, except as to unavailable information, are blank. (b) You are entitled to a copy of this contract at the time you sign it. (c) You may at any time pay off the full unpaid balance due under this contract, and in so doing you may receive a partial rebate of the finance charge. (d) The finance charge does not exceed 4.90 % (must be filled in) per annum computed monthly.

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You confirm that you received a completely filled-in copy when you signed it.

Buyer Signs X ___ Date 06/20/09  Co-Buyer Signs X ___ Date 06/20/09
Co-Buyer and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X ___
Seller signs ___ Date 06/20/09 By ___ Title ___

Seller assigns its interest in this contract to JPMORGAN CHASE BANK, N A ___ (Assignee) under the terms of Seller's agreement(s) with Assignee.
☐ Assigned with recourse  ☒ Assigned without recourse  ☐ Assigned with limited recourse

Seller CARTER SUBARU  By ___  Title ___

### Insurance (right column)

You may buy the physical damage insurance this contract requires (see back) from anyone you choose subject to our approval of your choice as the law allows. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.
If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

Check the insurance you want and sign below:
**Optional Credit Insurance**
☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability (Buyer Only)
Premium:
Credit Life $ N/A
Credit Disability $ N/A
Insurance Company Name
US CREDIT LIFE INS CO
Home Office Address
Schaumburg, IL 60173-4793
Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not to buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

**Other Insurance**
☐ N/A Type of Insurance ___ Term ___
Premium $ N/A
Insurance Company Name ___
Home Office Address ___
I want the insurance checked above. We will apply for this insurance on your behalf.

X ___ 06/20/09 Buyer Signature
X ___ 06/20/09 Co-Buyer Signature

**THIS INSURANCE DOES NOT INCLUDE INSURANCE FOR BODILY INJURY LIABILITY, PUBLIC LIABILITY, OR PROPERTY DAMAGE LIABILITY.**

Returned Check Charge: If any check you give us is dishonored, you will pay a charge of the lesser of $40 or the face amount of the check if we make written demand that you do so.

ORIGINAL LIENHOLDER

# OTHER IMPORTANT AGREEMENTS

1. **FINANCE CHARGE AND PAYMENTS**
   a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.
   b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.
   c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.
   d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.
   e. **Right to Refinance a Balloon Payment.** A balloon payment is a scheduled payment that is more than twice as large as the average of your earlier scheduled payments. If this contract contains a balloon payment and you do not pay it, you have the right to obtain a new payment schedule. Unless you agree otherwise, the periodic payments under the new payment schedule will not be substantially greater than the earlier scheduled payments. This provision does not apply if you did not purchase this vehicle for personal, family, or household use. It also does not apply if we adjusted your payment schedule to your seasonal or irregular income.

2. **YOUR OTHER PROMISES TO US**
   a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.
   b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.
   c. **Security Interest.**
      You give us a security interest in:
      - The vehicle and all parts or goods put on it;
      - All money or goods received (proceeds) for the vehicle;
      - All insurance, maintenance, service, or other contracts we finance for you; and
      - All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.
      
      This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle.
   d. **Insurance you must have on the vehicle.**
      You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. WARNING: UNLESS YOU PROVIDE US WITH EVIDENCE OF THE PHYSICAL DAMAGE INSURANCE COVERAGE AS REQUIRED BY THIS CONTRACT, WE MAY (BUT ARE NOT REQUIRED) PURCHASE INSURANCE AT YOUR EXPENSE TO PROTECT OUR INTEREST. THIS INSURANCE MAY, BUT NEED NOT, ALSO PROTECT YOUR INTEREST. IF THE COLLATERAL BECOMES DAMAGED, THE COVERAGE WE PURCHASE MAY NOT PAY ANY CLAIM YOU MAKE OR ANY CLAIM MADE AGAINST YOU. YOU MAY LATER CANCEL THIS COVERAGE BY PROVIDING EVIDENCE THAT YOU HAVE OBTAINED PROPER COVERAGE ELSEWHERE. YOU ARE RESPONSIBLE FOR THE COST OF ANY INSURANCE PURCHASED BY US. THE COST OF THIS INSURANCE MAY BE ADDED TO YOUR AMOUNT FINANCED. IF THE COST IS ADDED TO THE AMOUNT FINANCED, THE ANNUAL PERCENTAGE RATE ON THIS CONTRACT WILL APPLY TO THIS ADDED AMOUNT. THE EFFECTIVE DATE OF COVERAGE MAY BE THE DATE YOUR PRIOR COVERAGE LAPSED OR ANOTHER DATE AFTER THAT DATE OF LAPSE. THE COVERAGE WE PURCHASE MAY BE CONSIDERABLY MORE EXPENSIVE THAN INSURANCE YOU CAN OBTAIN ON YOUR OWN AND MAY NOT SATISFY WASHINGTON'S MANDATORY LIABILITY INSURANCE LAWS. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.
   e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**
   a. You may owe late charges. You will pay a late charge on each late payment as shown on the front of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.
   b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
      - You do not pay any payment on time;
      - You start a proceeding in bankruptcy or one is started against you or your property; or
      - You break any agreements in this contract.
      
      The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.
   c. You may have to pay collection costs. If we hire an attorney who is not our salaried employee to collect what you owe, you will pay the attorney's reasonable fee and court costs as the law allows.
   d. We may take the vehicle from you. If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.
   e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.
   f. **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
      We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.
   g. What we may do about optional insurance, maintenance, service, or other contracts. This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **WARRANTIES SELLER DISCLAIMS**
   The following paragraph does not affect any warranties covering the vehicle that the vehicle manufacturer may provide. It does not apply at all if you bought the vehicle primarily for personal, family, or household use.
   Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.

5. **Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
   Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

6. **Applicable Law**
   Federal law and the law of the state of our address shown on the front of this contract apply to this contract.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only if the "personal, family or household" box in the "Primary Use for Which Purchased" section of this contract is checked. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

## AGREEMENT TO ARBITRATE DISPUTES

The following Arbitration Agreement can significantly affect your rights in any dispute with us. Please read it carefully before signing this Contract.

1. IF EITHER OF US CHOOSES, ANY CLAIM OR DISPUTE BETWEEN US (AS DEFINED BELOW) WILL BE DECIDED BY ARBITRATION AND NOT IN COURT OR BY A JURY TRIAL.
2. IF EITHER OF US CHOOSES TO ARBITRATE, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS OR OTHER REPRESENTATIVE ON BEHALF OF OTHER PERSONS OR AS A CLASS MEMBER OR OTHER REPRESENTED PERSON ON ANY CLASS CLAIM OR OTHER REPRESENTATIVE TYPE OF CLAIM IF YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS OR OTHER REPRESENTATIVE ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arise out of or relate to your credit application, this Contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this Contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class or other representative type of action. You expressly waive any right you may have to arbitrate a class or other representative type of action. You may choose any one of the following arbitration organizations: the American Arbitration Association, 335 Madison Ave., Floor 10, New York, NY 10017-4605 (www.adr.org) or the National Arbitration Forum, Box 50191, Minneapolis, MN 55405-0191 (www.arb-forum.com). The arbitration shall be conducted in accordance with this Arbitration Agreement and, unless otherwise provided for in this Agreement, the rules of the arbitration organization you chose (the "Arbitration Rules"). You may get a copy of the Arbitration Rules by contacting the arbitration organization or visiting its website.

The arbitrator shall be an attorney or retired judge selected in accordance with the Arbitration Rules. The arbitrator shall apply governing substantive law in making an award. The arbitration hearing shall be conducted in the federal district in which you reside. The arbitrator's decision shall be in writing and either party may appeal the arbitrator's decision through the arbitration organization you chose. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $1,500. We will also pay any additional amount of such fees that the arbitrator determines we must pay in order to make this Agreement to Arbitrate Disputes enforceable. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. The arbitrator's award shall be final and binding on all parties, except that the losing party may request a new arbitration if allowed by the Arbitration Rules. This Agreement to Arbitrate Disputes, and any arbitration conducted hereunder, shall be governed by the Federal Arbitration Act (9 U.S.C. § et. seq.) and not by any state law concerning arbitration.

You and we retain any rights to self-help remedies, such as repossession. You and we retain the right to seek individual remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies or filing suit. Any court having jurisdiction may enter judgment on the arbitrator's award. This agreement shall survive any termination, payoff or transfer of this Contract. If any part of this Agreement to Arbitrate Disputes, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable.

Form No. 53IFR-653-WA 2/05

# STATE OF WASHINGTON
## Vehicle Certificate of Ownership (Title)

Certificate Number
0923010013

| License number | Vehicle identification number (VIN) | Year | Make | Model | Style | Series/Body |
|---|---|---|---|---|---|---|
| 755ZHM | 4S4BP61C297345448 | 2009 | SUBA | O2 | SW | OUTBACK |

| Date issued | Odometer miles | Odometer status | Fleet number | Equipment number | Fuel type |
|---|---|---|---|---|---|
| 08/18/2009 | 0000010 | A | | | G |

| Use class | Scale weight | Gross weight | Vehicle color | Prior title state | Prior title number |
|---|---|---|---|---|---|
| PAS | 03415 | | | | |

Comments
26845-2009

Brands:

Sale price $ _____

Date of sale _____

**Legal owner:** To release your interest, sign below, then give this title to the registered owner/transferee or send it to a vehicle licensing office with the proper fee. You may be liable to the registered owner/transferee for penalties if you do not release interest within 10 days after proper demand.

| Legal owner | Registered owner |
|---|---|
| JPMORGAN CHASE BANK NA | HAHN, ELIZABETH |
| PO BOX 901098 | HAHN, KENNETH |
| FORT WORTH, TX 76101 | 6703 14TH AVE NW |
| | SEATTLE, WA 98117 |

Signature of legal owner releases all interest in the vehicle described above _____ Date _____

Signature of registered owner releases all interest in the vehicle described above _____ Date _____

Signature of legal owner releases all interest in the vehicle described above _____ Date _____

Signature of registered owner releases all interest in the vehicle described above _____ Date _____

I certify that the records of the Department of Licensing show the persons named hereon as registered owners and legal owners of the vehicle described.

*Elizabeth A. Luce*
Director, Department of Licensing

Federal regulation and state law requires you to state the mileage in connection with the transfer of ownership. Failure to complete this odometer statement or providing a false statement may result in fines and/or imprisonment.

I certify, to the best of my knowledge, the odometer reading is: ▶ _____ (no tenths) Transfer date ___/___/___
Odometer reading in miles

This reading is (check one): ☐ the actual mileage of the vehicle ☐ in excess of its mechanic limits ☐ not the actual mileage.

Signature of transferee/buyer _____

Signature of transferor/seller _____

PRINTED name of transferee/buyer _____

PRINTED name of transferor/seller _____

Address of transferee/buyer _____

Address of transferor/seller _____

VOID